**AMERICAN AMUSEMENT CO. v. LUDWIG.**
Civil Action No. 2818.

United States District Court
D. Minnesota, Fourth Division.
Jan. 26, 1949.

Benedict Deinard (of Leonard, Street & Deinard), of Minneapolis, Minn., for defendant, in support of the motion.

Joseph W. Finley, of St. Paul, Minn. (Bundlie, Kelley, Finley & Maun, of St. Paul, Minn., of counsel), for plaintiff, in opposition.

NORDBYE, Chief Judge.

Plaintiff has commenced against defendant an action for a declaratory judgment pursuant to Section 274d of the Judicial Code, 28 U.S.C.A. § 2201. Defendant now moves under Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to strike Paragraph II and part of Paragraph VIII of the complaint upon the grounds that such allegations are immaterial.

Paragraph II alleges that the matter in controversy exceeds $3,000 exclusive of

costs and interest. Both parties recognize that this allegation, read with the rest of the complaint, attempts to base jurisdiction upon the existence of a federal question under Section 1331 of the recent Judicial Code revision. 28 U.S.C.A. § 1331. Paragraph III of the complaint alleges that the action is one "arising under an Act of Congress regulating commerce and protecting trade and commerce against restraints and monopolies (to wit, Sections 1 and 2 of the Sherman Act, 26 Statutes 209, as amended, 50 Statutes 693, 15 U.S.C. Sections 1 and 2 [15 U.S.C.A. §§ 1, 2])." This paragraph, as both parties recognize, alleges jurisdiction under 28 U.S.C.A. § 1337, which confers jurisdiction upon this Court in anti-trust cases. Defendant moves to strike Paragraph II as immaterial because, he claims, only Paragraph III can form the jurisdictional basis for this action.

Defendant moves to strike the last sentence of Paragraph VIII because it alleges that plaintiff in good faith entered into the pooling arrangement concerning which plaintiff now seeks a declaratory judgment as a result of anti-trust decisions by the Supreme Court. Defendant bases its motion upon the ground that good faith is no defense to an anti-trust liability and therefore is immaterial to this action.

## 1.

### Should Paragraph II be Stricken?

Plaintiff contends that the Court may entertain jurisdiction under both Sections 1331 and 1337 of 28 U.S.C.A. if jurisdiction exists under both. Assuming that may be correct, the real question is whether jurisdiction exists under both sections. Defendant contends that each section states an independent and mutually exclusive basis of jurisdiction. That is, defendant argues that the sections are not repetitious of each other in any degree and that each statute states a separate, not over-lapping basis of Federal District Court jurisdiction. Actions lying under one section do not lie under another, defendant claims. The soundness of defendant's claim becomes the issue on this part of the motion.

Well settled rules of statutory construction require that statutes pertaining to the same matters must be construed together. Sections 1331 and 1337, therefore, must be construed in the light of each other, for both relate to jurisdiction. Section 1337 is not limited in its scope in so far as any amount in controversy is concerned. Under it, actions involving more than $3,000 or less than $3,000 can be brought. See Parker v. Brown, 317 U.S. 341, 349, 63 S.Ct. 307, 87 L.Ed. 315; 35 C.J.S., Federal Courts, § 35, page 847. From its wording, the intent is to extend it to all actions arising under federal statutes regulating commerce and protecting against restraints and monopolies Thus, Section 1337 covers a specific type of case and applies to all of them. Section 1331, however, covers a general field of cases. In terms it applies to all cases arising under federal laws and involving more than $3,000. To conclude that Section 1331—a general statute—supersedes, when applicable, a section specifically applying to actions arising under acts regulating commerce or restraints and monopolies would be holding that Section 1337 is limited to actions involving less than $3,000. Such a construction is contrary to the intent of that section and cannot be adopted. See Parker v. Brown, 317 U.S. 341, 349, 63 S.Ct. 307, 87 L.Ed. 315. To conclude that Section 1331 is concurrent with Section 1337 would be unsound with respect to cases involving less than $3,000, for section 1331 applies only if more than $3,000 is involved, and it would make the sections repetitious of each other with respect to actions involving more than $3,000. A court cannot favor an interpretation which causes repetition unless such intent of the statute is clear. Such intent is not clear here. On the contrary, neither Section 1337 nor Section 1331 purports to be repetitious of the other. Section 1337 purports by its form and by its inclusion of "any" (all) actions arising under federal statutes regulating commerce or restraints and monopolies to be independent and exclusive. It is separate from Section 1331, thus being separate in arrangement as well as form. That its substance also was intended to be separate is apparent from the fact that the $3,000 jurisdictional amount required by Section 1331 need not exist in order for jurisdiction to exist under Section

1337. 35 C.J.S., Federal Courts, § 35, page 847. Moreover, Section 1337 is not the only provision which states a specific basis of jurisdiction in this Court under a specific law. For other sections like Section 1338 (patents, copyrights, trade marks, and unfair competition), Section 1339 (postal matters), Section 1334 (bankruptcy matters and proceedings), and others do the same thing. That Congress would not intend all the specific statutes to be concurrent seems quite clear from their very nature and existence, for then no real purpose for their existence would be apparent with respect to actions involving more than $3,000. No reason suggests itself why Congress would intend, without so indicating, that the specific statute should be limited to less than its terms. The recent revision of the Judicial Code was designed to clarify. If Congress had considered the specific statutes surplusage with respect to actions over $3,000, it undoubtedly would have indicated that.

Under all the circumstances, therefore, it seems reasonable to conclude that Section 1331 does not apply to anti-trust matters covered by Section 1337. The general rule that the specific limits the general must be applied here. Consequently, reading Section 1331 with Section 1337, as it must be, requires the conclusion that Section 1337 prevails over and limits Section 1331. Such an interpretation gives effect to each provision and achieves the purpose of interpretation—a harmonious statutory scheme. Plaintiff's contention would cause unnecessary repetition or unintentional limitation of specific sections. Defendant's motion to strike Paragraph II of plaintiff's complaint seems proper and should be granted. It is so ordered.

### 2.

### Should the Paragraph VIII Allegation of Good Faith be Stricken?

Courts have held often that good faith is no legal defense and has no bearing on the existence of an anti-trust violation. Paramount Famous Lasky Corp. v. United States, 1930, 282 U.S. 30, 44, 51 S.Ct. 42, 75 L.Ed. 145; United States v. Masonite Corp., 316 U.S. 265, 275, 62 S.Ct. 1070, 86 L.Ed. 1461. Consequently, an allegation of good faith is immaterial in determining if this pooling contract between plaintiff and defendant violated the Anti-Trust Act. What is done under the contract, not whether the parties specifically intended to violate the Act, controls. Plaintiff contends that the question of good faith may become important. But no reason or fact is given for such a conclusion. Upon the facts now presented, no basis exists in support of the allegation's materiality. The situation is not one in which the contract is completely unexecuted and the recovery of money paid thereunder is sought. Plaintiff here seeks to determine the enforcibility of the contract and if it can refuse to perform without incurring liability to defendant for such refusal. Brashears v. Giannini, 131 Cal.App. 706, 22 P.2d 47, certiorari denied 290 U.S. 700, 54 S.Ct. 228, 78 L.Ed. 602, which concerned the National Prohibition Act, 27 U.S.C.A. § 1 et seq. consequently is distinguishable. Neither does the plaintiff's claim that this situation is like one in which a new law is enacted after the making of a contract aid it. The statute was in effect when this contract was made. The mere fact that a decision of the Supreme Court may have indicated to plaintiff after the contract was made that it violated the Anti-Trust Act does not mean plaintiff can plead good faith. That same situation confronts every person who in good faith, seeks to plead good faith in an anti-trust action. If plaintiff's contention were sound, then no one need be very concerned about violating a statute until someone else has been apprehended for a similar violation and the court has held the violation to exist. In effect, the act of the court, not the legislature, would be what created the violation of the act, according to plaintiff's contention. The unsoundness of such a claim is obvious.

Although, as plaintiff notes, motions to strike must not be granted liberally, no reason appears here for permitting immaterial matter to continue in the pleading now or later. Striking the matter now will prevent confusion from arising and will avoid questions as to its propriety from retarding the actual hearing proceedings which assumedly will be held later. If the matter

is immaterial to the anti-trust violation, **it** is immaterial now and immaterial later, in so far as the facts now before the Court establish. Defendant's motion to strike the last sentence of plaintiff's Paragraph VIII concerning good faith is proper and should be granted. It is so ordered.

An exception is reserved to the plaintiff.